D. L. Ross, Administrator of the Estate of Thomas P. Bowman, v. O. C. KIRKWOLD, *et al.*, O. C. KIRKWOLD, Appellant.

**Transactions With Deceased Persons:**  COMPETENCY OF WITNESS. A defendant by his own act of putting in evidence a letter written to him by plaintiff's intestate cannot thereby render himself competent to testify to the transactions referred to therein.

*Appeal from Council Bluffs Superior Court.*—HON. G. H. SCOTT, Judge.

WEDNESDAY, MAY 4, 1904.

SUIT in equity to foreclose a lien upon personal property pledged to secure notes given by the defendant to the plaintiff's intestate.   There was a judgment for the plaintiff.   The defendant O. C. Kirkwold appeals.—*Affirmed.*

*Jacob Sims* for appellant.

*Ross & Ross* for appellee.

SHERWIN, J.—This suit was brought to recover on two notes—one for $600, executed by the defendant Kirkwold alone on the 21st day of March, 1896; and the other for $1,500, executed by the same defendant, The Helena Ironworks, and W. S. James on the 8th day of May of the same year.   It is claimed by the appellee that the defendant pledged a gold watch and a life insurance policy as security for the payment of both notes.   On the same day that the first note was executed the defendant made a written assignment of the insurance policy to the plaintiff's intestate, in which it was recited that it was made to secure a loan of $600, no reference being made therein to any note.   The appellant admits that the watch and policy were pledged as security for the payment of the $600 note, but alleges that it

has been fully paid, and denies that either was pledged as
security for the payment of the larger note. The principal
question in the case is whether the property in question was
pledged for the payment of both notes. If it was, there can
be but little doubt as to the right of the plaintiff to recover
the amount adjudged due on the notes by the trial court.
Knowledge of the financial transactions between Thomas P.
Bowman and the defendant Kirkwold seems to have been
confined entirely to themselves, and, as the lips of the former
have been forever sealed by death, and those of the latter are
practically sealed by the statute, it is difficult to reach an en-
tirely satisfactory conclusion on the  facts.  Eliminating
from our consideration, however, the incompetent evidence
in the record, we reach the conclusion that it was agreed be-
tween the parties that the property in question should stand
as security for both of the notes in suit. The letter written
by Mr. Bowman on the 15th day of May, 1899, offered by
the appellant, refers, it is true, to a note of $1,000, but no
such note was found among his effects after his death, and
it is evident that the reference  was in fact to the Helena
Ironworks note, signed by the defendant Kirkwold, though
the amount thereof was wrongly stated. Such seems to have
been the understanding of the defendant, for he refers to the
Helena Ironworks note in his letter of September 23, 1899,
to Mr. Bowman. But, whether this be correct or otherwise,
it can make no difference with our conclusion in the case,
or with the appellant's rights. The trial court based its judg-
ment upon the statement of debits and credits contained in
Bowman's letter of May 15th, and allowed nothing more.
On the theory that the collaterals were pledged for the pay-
ment of both of the notes in suit, this finding was as favorable
to the appellant as the competent evidence warranted, and,
as the plaintiff has not appealed, he is bound thereby. Con-
ceding, for the purposes of this case, that the letter of May
15th was competent evidence for the appellant, it is clear that
its introduction did not remove the bar of the statute, so that
he might testify as to the transactions therein referred to. It

was not put in evidence by the administrator, and the appel-lant, by his own act, could not make himself a competent wit-ness under section 4604 of the Code. Our conclusion on this branch of the case makes it unnecessary to consider the ques-tion of the application of payments, and we give it no fur-ther attention.

The judgment is just and right, and it is AFFIRMED.